UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| GARLAND S. SLADE,<br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>    Respondent. | NO. 2:03-CR-73<br>NO. 2:08-CV-287 |

### MEMORANDUM AND ORDER

This criminal matter is before the Court to address the petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. [Docs. 547, 614]. The government has responded to each of the defendant's claims and this matter is now ripe for disposition. [Docs. 563, 651].

On September 23, 2003, the grand jury returned a 37 count indictment charging the petitioner in Count 1 with a conspiracy to distribute and possess with intent to distribute fifty grams or more of cocaine base and in Counts 18 and 24 with the distribution of a quantity of cocaine base. [Doc. 2]. On October 14, 2004, pursuant to 21 U.S.C. §851(a)(1), the government filed a notice of intent to seek increased punishment by reason of one or more felony drug convictions and cited the following convictions:

> 1. On August 25, 1997, in the Superior Court for Alamance County North Carolina, in case number 1997CRS 011726, defendant Slade was convicted of the felony offense of felony possession of cocaine.
>
> 2. On January 9, 2001, in the Superior Court for Alamance County North Carolina, in case number 2001CRS 000832, defendant Slade was charged with the felony offenses of possession with intent to sell/deliver cocaine,

1

and sell cocaine.

[Doc. 297].

Following a jury trial, the defendant was convicted of Counts 1 and 24 of the indictment on October 26, 2004. He was found not guilty on Count 18. Although the defendant's guideline range was 235 to 293 months imprisonment, he was subject to a statutorily mandated minimum sentence of life imprisonment on Count 1 because the petitioner conceded that he had two prior felony drug convictions from North Carolina.[1] See 21 U.S.C. §841(b)(1)(A). Thus, his effective guideline range was life imprisonment. On April 18, 2005, the petitioner was sentenced to serve a term of life imprisonment.

Petitioner's conviction and sentence were affirmed on direct appeal by the Sixth Circuit Court of Appeals on October 19, 2007. *United States v. Smith*, 212 F. Appx. 20 (6th Cir. 2007). The mandate was issued by the Sixth Circuit on November 14, 2007.

On October 24, 2008, the petitioner filed a timely "Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody." [Doc. 547]. In that motion, and in various supplements, the petitioner raised the following claims:[2]

> 1. That counsel rendered ineffective assistance by not advising petitioner that, were he to plead guilty and render substantial assistance to law enforcement authorities, he would be eligible for a sentence below the otherwise-applicable statutory mandatory minimum;
>
> 2. That petitioner was allegedly denied his right to a fair trial because the jury venire did not contain African-Americans;
>
> 3. That, because of an alleged conflict of interest, trial counsel did not

---

[1] Significantly, the presentence report reflects that the punishment for petitioner's 1997 felony possession of cocaine was a minimum of four (4) months and a maximum of five (5) months.

[2] These claims are numbered as the government organized them from the §2255 motion, an amended motion, and several supplements.

cross-examine prosecution witness Dwayne Norton regarding his alleged instructions to other witnesses about how to testify;

4. That, because of an alleged conflict of interest, trial counsel did not cross-examine prosecution witness Jonathan Breeze about a conversation he allegedly had with petitioner;

5. That, because of an alleged conflict of interest, trial counsel did not call possible defense and/or alibi witnesses on petitioner's behalf;

6. That counsel was ineffective for failing to object to alleged misconduct during the prosecutor's closing;

7. That counsel was ineffective at sentencing for not objecting to an allegedly invalid § 851 enhancement that resulted in the imposition of a statutory mandatory minimum sentence of life imprisonment;

8. That petitioner's sentence of life imprisonment constitutes a miscarriage of justice ; and

9. That petitioner's statutory mandatory minimum sentence of life imprisonment is void in light of the Fair Sentencing Act of 2010.

In regard to Claim 8, petitioner argues that his 1997 conviction does not qualify as a felony offense in light of *Carachuri–Rosendo v. Holder,* ⎯⎯ U.S. ⎯⎯, 130 S.Ct. 2577, 2589, 177 L.Ed.2d 68 (2010) and *United States v. Pruitt*, 545 F.3d 416 (6th Cir. 2008). Both *Carachuri* and *Pruitt* stand for the proposition that the "hypothetical" approach should be rejected when determining whether a prior conviction is punishable by more than one year's imprisonment. The petitioner argues that he could not have received any sentence exceeding one year of imprisonment for his 1997 conviction under the North Carolina Structured Sentencing Act , and thus, the 1997 conviction is not a qualifying predicate offense under §841(b)(1)(A).

In its response to the petitioner's supplement to his §2255 motion, [Doc. 651], the United States made the following concession in regard to Claim 8:

In reviewing the unique facts of this case, the United States has

3

> determined that it will not oppose petitioner's request to be resentenced without his 1997 North Carolina conviction being used as a statutory enhancement. Because petitioner actually has only one qualifying predicate felony – his 2001 North Carolina conviction for possession with intent to distribute cocaine – he would no longer be subject to a statutory mandatory minimum term of life imprisonment, and would instead be subject to a statutory mandatory minimum of twenty years' imprisonment for violating 21 U.S.C. § 841(b)(1)(A), and this Court could impose any sentence between that minimum and the statutory maximum of life imprisonment.

In view of that concession, petitioner's counsel announced in open court that he was abandoning and withdrawing, with the express consent of petitioner, all claims except for Claim 8, that is, that petitioner's sentence of life imprisonment constitutes a miscarriage of justice.

Accordingly, based upon the government's concession, it is hereby **ORDERED** that the petitioner's §2255 motion to vacate, [Doc. 547], is **GRANTED IN PART,** that is, as to Claim 8, the petitioner's sentence is **VACATED**, and this case will proceed to a full resentencing at 1:30 p.m. on July 9, 2012. The petitioner's §2255 motion to vacate is **DENIED IN PART** to the extent that Claims 1-7 and 9 are now **DENIED** as **MOOT** based on the stipulation of petitioner's counsel. The Clerk is therefore **DIRECTED** to terminate Case No. 2:08-CV-287.

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
